(Nos. 62819, 62820, 62838 cons.—

RICHARD M. DALEY, State's Attorney, Plaintiff, v. THOMAS A. HETT, Judge, *et al.*, Defendants.— RICHARD M. DALEY, State's Attorney, Plaintiff, v. PHILIP J. CAREY, Judge, *et al.*, Defendants.— RICHARD M. DALEY, State's Attorney, Plaintiff, v. PHILIP J. CAREY, Judge, *et al.*, Defendants.

*Opinion filed June 20, 1986.*

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago and Joan S. Cherry, Thomas V. Gainer, Jr., and Peter D. Fischer, Assistant State's Attorneys, of counsel), for the plaintiff.

James J. Doherty, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, of counsel), for defendants Thomas A. Hett and Albert Bell.

Richard S. Kling, of Chicago, for defendants Philip J. Carey and James Andrews.

Richard C. Martin, of Chicago, for defendants Philip

J. Carey and Franklin Burchette.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff in these original proceedings, Richard M. Daley, State's Attorney of Cook County, filed three separate motions for leave to file complaints for writs of *mandamus* or writs of prohibition under Supreme Court Rule 381 (87 Ill. 2d R. 381). The motions seek, in the alternative, supervisory orders under Supreme Court Rule 383 (94 Ill. 2d R. 383). The nominal defendants are Philip J. Carey and Thomas A. Hett, judges of the circuit court of Cook County. We granted plaintiff's motions and subsequently consolidated the three proceedings upon finding that each presented the same issues.

Each case presents two interrelated questions. Can the trial judge, prior to the commencement of trial in a capital case, accept a defendant's waiver of a sentencing jury; and, if so, does he have the discretion to preclude the State from questioning prospective jurors on their views concerning imposition of the death penalty? We find the answers to both questions to be in the affirmative.

These questions arose as a result of certain rulings by defendants in three capital cases still pending in the circuit court of Cook County. In cause No. 62819, Albert Bell was indicted for murder and armed robbery. Prior to trial, the State indicated that it would seek the death penalty as provided by section 9—1(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(b) (the death penalty statute)). Bell thereupon tendered to Judge Hett a written waiver of his right to a jury to determine his eligibility for the death penalty in the event he was found guilty of murder. Judge Hett admonished Bell as to the consequences of waiver and then accepted it, finding that Bell had "knowingly and intelligently waived his right to a trial by jury in the sentencing

phase only." Because he had accepted Bell's waiver of the sentencing jury, Judge Hett noted that the jury impaneled to determine guilt would not be deciding Bell's sentence in the event of conviction. Therefore, Judge Hett, *sua sponte*, ruled that the State could not question prospective jurors on their views regarding the death penalty.

In cause No. 62820, James Andrews was indicted for murder, armed robbery, and aggravated kidnaping. During pretrial proceedings, the State indicated that it would seek the death penalty as provided under the death penalty statute. Andrews responded by submitting to Judge Carey a written waiver of his right to a sentencing jury but retaining his right to a jury trial on the issue of guilt. Judge Carey accepted the waiver and, on Andrews' motion, ruled that the State would not be allowed to question prospective jurors about their views on imposition of the death penalty. The State moved for reconsideration of this ruling, but its motion was denied.

In cause No. 62838, Franklin Burchette was indicted on three counts of murder. After the State indicated that it would seek the death penalty pursuant to the death penalty statute, Burchette sought to waive his right to a sentencing jury by submitting a written waiver to Judge Carey. Burchette, however, retained his right to a jury trial on the issue of guilt. Judge Carey accepted Burchette's waiver and, again, ruled that the State could not question prospective jurors as to their views about imposition of the death penalty.

Plaintiff contends that such pretrial waivers of the sentencing juries are precluded by section 9—1(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(d)). Section 9—1(d) provides:

> "(d) Separate sentencing hearing. Where requested by the State, the court shall conduct a separate sentencing proceeding to determine the existence of factors set forth

in subsection (b) and to consider any aggravating or mitigating factors as indicated in subsection (c). The proceeding shall be conducted:
1. before the jury that determined the defendant's guilt; or
2. before a jury impanelled for the purpose of the proceeding if:
    A. the defendant was convicted upon a plea of guilty; or
    B. the defendant was convicted after a trial before the court sitting without a jury; or
    C. the court for good cause shown discharges the jury that determined the defendant's guilt; or
3. before the court alone if the defendant waives a jury for the separate proceeding." Ill. Rev. Stat. 1983, ch. 38, par. 9—1(d) (the capital sentencing statute).

Plaintiff acknowledges that the capital sentencing statute is silent as to the time when a defendant can waive the sentencing jury but argues that there is controlling appellate authority which prohibits such waivers before the issue of guilt is determined. (*People v. Wolfbrandt* (1984), 127 Ill. App. 3d 836.) In *Wolfbrandt*, the defendant in a capital case sought to waive the sentencing jury during *voir dire*. The trial judge refused to accept the waiver and the appellate court affirmed, finding the waiver untimely. (127 Ill. App. 3d 836, 844.) Plaintiff contends that *Wolfbrandt* is binding appellate authority as to the defendant judges and that they are duty-bound to follow it.

The judges here, on the other hand, contend that there is nothing in the capital sentencing statute or in the case law which precludes trial judges from accepting a defendant's voluntary, knowing, and intelligent waiver of the sentencing jury before trial on the issue of guilt. They also assert that accepting or rejecting such pretrial waivers are judicial acts which are not the proper object

of a writ of *mandamus* or prohibition.

The rules governing issuance of the extraordinary writs of *mandamus* and prohibition are clear. *Mandamus* is the proper procedure to order an inferior tribunal to perform a duty which the plaintiff has the right to have performed and which is ministerial, *i.e.*, does not involve the exercise of judgment or discretion. *People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 519-20.

It has long been held in Illinois that *mandamus* will not lie to require a judge of an inferior tribunal to reach a particular decision or to exercise his discretion in a particular way. (*Brown v. Scotillo* (1984), 104 Ill. 2d 54, 60; *People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 520.) Moreover, *mandamus* does not lie to correct an act involving the exercise of judgment or discretion even if erroneous. *Brown v. Scotillo* (1984), 104 Ill. 2d 54, 60; *Horn v. Rincker* (1981), 84 Ill. 2d 139, 148; *People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 520.

Applying these rules to the cases before us, we believe that the trial judges were exercising their judicial and discretionary authority in accepting the pretrial waivers of sentencing juries and in refusing to allow plaintiff to question prospective jurors on imposition of the death penalty. Therefore, *mandamus*, which properly lies to force performance of a ministerial, nondiscretionary act, is not appropriate.

Similarly, a writ of prohibition is not appropriate. A writ of prohibition lies to prevent a judge from acting where he has no jurisdiction to act or to prevent a judicial act which is beyond the scope of a judge's legitimate jurisdictional authority. (*People ex rel. No. 3 J. & E. Discount, Inc. v. Whitler* (1980), 81 Ill. 2d 473, 479-80, 483; *Hughes v. Kiley* (1977), 67 Ill. 2d 261, 266-68.) Plaintiff

does not assert either ground in support of his petition for the writs of prohibition he seeks.

The essence of plaintiff's position is that the trial judges were in error in deciding certain issues and taking certain actions. Plaintiff does not challenge the judges' authority to decide; rather, he challenges the substance of their decisions. But, as noted, the office of a writ of prohibition is to prevent an inferior tribunal from acting *ultra vires* or from exceeding the scope of its authority. As with *mandamus,* a writ of prohibition is not available merely to correct errors in judicial decision making.

Remaining to be determined is whether, under this court's supervisory power, the supervisory orders requested by plaintiff should issue. In plaintiff's request for supervisory orders, he relies on *People v. Wolfbrandt* (1984), 127 Ill. App. 3d 836. We have reviewed the *Wolfbrandt* opinion and disapprove that portion of its holding relating to pretrial waiver of the sentencing jury. The issue before the court in *Wolfbrandt* was whether or not subsection (d)(3) of the capital sentencing statute precludes a waiver of the sentencing jury tendered before a jury has determined the issue of guilt. The court held that, under the language of subsection (d)(3), "it would appear a waiver in advance of conviction in a jury trial is untimely made." (127 Ill. App. 3d 836, 844.) Because we hold that subsection (d)(3) does not preclude the pretrial waiver of the sentencing jury, we disavow *Wolfbrandt* insofar as it holds to the contrary. Subsection (d)(3) of the capital sentencing statute provides that the separate sentencing proceeding required to consider the propriety of the death penalty in the event of a finding of guilt for a capital offense shall be held "before the court alone if the defendant waives a jury for the separate proceeding." (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(d)(3).) The provision is clear and unambiguous. It nei-

ther limits the right nor designates at what stage of the proceedings the defendant may exercise such right. Under its express language, therefore, we find that a defendant charged in a capital punishment case is accorded the right to waive the jury for the separate sentencing proceeding. We hold that the trial judges were empowered under the terms of section 9—1(d)(3) to accept the waivers of a sentencing jury where, as here, they were voluntary and knowing. Therefore, plaintiff's requests for supervisory orders directing that the waivers be set aside are denied.

Plaintiff also seeks supervisory orders directing the trial judges to allow him the opportunity to question prospective jurors as to their views regarding imposition of the death penalty as provided under *Witherspoon v. Illinois* (1968), 391 U.S. 510, 20 L. Ed. 2d 776, 88 S. Ct. 1770. However, plaintiff's right under *Witherspoon* does not come into effect where, as here, the juries that consider the issue of guilt will not consider eligibility for the death penalty. Because we have determined that trial judges have the statutory authority to accept pretrial waivers of sentencing juries, plaintiff's right under *Witherspoon* is inapplicable to the instant cases. Therefore, supervisory orders are not warranted and plaintiff's requests are denied.

For the reasons stated herein, the complaints for writs of *mandamus* and prohibition are denied, as are the motions for supervisory orders.

*Writs denied;*
*supervisory orders denied.*