ROBERT GRAHAM, Petitioner-Appellant, v. PAUL J. KLINCAR *et al.*, Respondents-Appellees.

Third District   No. 3—87—0210

Opinion filed December 2, 1987.—Modified opinion filed December 18, 1987.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (Gerald P. Ursini, of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:

In 1974, the petitioner, Robert Graham, committed felony murder and was subsequently sentenced to an indeterminate term of 40 to 80 years. In December of 1986, a three-member panel of the Prisoner

Review Board (the Board) continued the petitioner's parole hearing. Two days later, *en banc*, the Board denied him parole. The following February 2, the petitioner filed the instant *pro se habeas corpus* petition seeking discharge from the Department of Corrections. The petitioner alleged that the order which continued his imprisonment was void, as a majority of a parole board panel had granted him parole, and that *en banc* parole hearings unconstitutionally disadvantaged him *ex post facto*.

The day after counsel was appointed, on its own motion the court summarily dismissed the petition for failure to state a cause of action. The petitioner filed a motion for reconsideration which sought leave to amend. When that motion was heard, the petitioner argued that he was entitled to some relief. The respondents, Paul J. Klincar, Michael P. Lane and Odie Washington, *et al.*, contended that the petitioner sought the wrong remedy and suggested that the court had no duty to point out other available alternatives. The court denied the petitioner's motion. The petitioner appeals, arguing that the merits of his petition indicate that the court should have construed his pleading as a request for a writ of *mandamus* and then allowed him to amend to seek that more appropriate remedy. The respondents construe the petitioner's failure to amend as waiver. Alternatively, they contend that the court was not bound to determine the relief sought and that *mandamus* was inappropriate.

■ Section 10—121 of the Code of Civil Procedure provides that if the court determines that a *habeas corpus* petitioner is entitled to relief but has sought the wrong remedy, the court shall permit just and reasonable amendments. (Ill. Rev. Stat. 1985, ch. 110, par. 10—121.) Whether a petitioner is entitled to a writ of *habeas corpus, i.e.*, an immediate release from custody, depends on whether the original judgment of conviction was void, whether the time of legal detention has expired, or whether some subsequent act, omission or event warrants discharge. Unreasonable, arbitrary or capricious denial of a parole request, however, does not warrant *habeas corpus* relief. *People ex rel. Burbank v. Irving* (1982), 108 Ill. App. 3d 697, 439 N.E.2d 554.

■ *Mandamus*, on the other hand, compels public officials to exercise their vested discretion. (*People ex rel. Abner v. Kinney* (1964), 30 Ill. 2d 201, 195 N.E.2d 651.) Such proceedings may appropriately remedy constitutional violations of parole procedures. (*United States ex rel. Johnson v. McGinnis* (7th Cir. 1984), 734 F.2d 1193.) The newly enacted *en banc* hearing requirement, however, is not such a violation, as petitioners sentenced prior to the enactment which codified

prior law are not disadvantaged in violation of either their due process rights or the constitutional *ex post facto* prohibition. *Davis-El v. O'Leary* (N.D. Ill. 1986), 626 F. Supp. 1037.

We note with disapproval that the court thwarted its appointment of counsel and cast a cloud on the proceedings by summarily dismissing the petition before counsel could act. We, nevertheless, find that the court appropriately denied the petitioner relief. The petitioner neither pleaded nor established facts which warranted either *habeas corpus* or *mandamus* relief. The petitioner had not served his maximum sentence. No event warranting his discharge had occurred. The Board did not violate his constitutional rights. The petitioner improperly sought leave to amend and then simply alleged and argued that he was entitled to other relief. Based on this record, the petitioner, therefore, had no right to either amend his pleadings or to have his petition construed as a *mandamus* petition. See *People ex rel. Petraborg v. Fields* (1973), 14 Ill. App. 3d 1025, 303 N.E.2d 160.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY, P.J., and WOMBACHER, J., concur.