ENRIQUE PARDO, Petitioner-Appellant, v. JAMES A. CHRANS, Warden, Pontiac Correctional Center, *et al.*, Respondents-Appellees.

Fourth District   No. 4—88—0181

Opinion filed September 15, 1988.

Enrique Pardo, of Pontiac, appellant *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Robert Ruiz, Solicitor General, and Diane Curry Grapsas, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

The petitioner, Enrique Pardo, is serving a sentence of 75 to 150 years for murder, a sentence of 35 to 75 years for attempt (murder), and a 4- to 10-year sentence for armed robbery, all sentences imposed concurrent. On October 29, 1987, the petitioner filed a petition for writ of *habeas corpus* and *mandamus* relief alleging that the Prison Review Board unlawfully denied him parole. He sought immediate release from prison. On February 22, 1988, the trial court granted the respondent's motion to dismiss with prejudice. Petitioner filed timely notice of appeal.

The only issue presented is whether the trial court properly granted the respondent's motion to dismiss the petition for writ of *habeas corpus* and *mandamus* relief.

In February of 1977, the petitioner was granted a two-day furlough while serving a six-year sentence for bank robbery at the Metropolitan Correctional Center in Chicago. During this furlough, the petitioner and two co-offenders forcibly entered an apartment, fatally shot a woman, and severely injured a second victim. The petitioner fled to Florida, where he was later apprehended, convicted for these offenses, and sentenced as set forth above.

The defendant alleges that the parole board denied him due process when it denied his parole requests on October 23, 1985, September 17, 1986, and August 26, 1987. He asserts that the board relied upon erroneous information and that its statements fail to recite any factual information supporting its determination to deny him parole.

He also argues that the injuries inflicted upon one of the victims was temporary in nature, not permanent as the board described in its written rationale for denying petitioner's parole request.

The trial court found that the parole board had acted within its discretion in denying parole to the petitioner and that the reasons cited in their decision satisfied due process requirements.

Section 10—102 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 10—102) provides that a person imprisoned may apply for *habeas corpus* in the manner provided in the article except as herein otherwise provided. Section 10—123 of the Code states as follows:

> "When prisoner not entitled to discharge. No person shall be discharged under the provisions of this Act, if he or she is in custody:
>
> * * *
>
> 2. By virtue of a final judgment of any circuit court, or of any proceeding for the enforcement of such judgment, unless the time during which such party may be legally detained has expired." Ill. Rev. Stat. 1987, ch. 110, par. 10—123.

■ The supreme court stated in *People ex rel. Castle v. Spivey* (1957), 10 Ill. 2d 586, 593-94, 141 N.E.2d 321, 325:

> "We have repeatedly held that a court has jurisdiction in a *habeas corpus* proceeding only when the original judgment of conviction was void, or where something has happened since its rendition to entitle the prisoner to release; and that where the legality of the original imprisonment is not challenged, the inquiry is ordinarily limited to determining whether the maximum term for which the defendant was sentenced has expired. [Citations.] *** [I]f it appears in the *habeas corpus* proceeding that the court, which rendered the judgment of conviction from which discharge is sought, had jurisdiction of the prisoner and of the subject matter of the suit, and that the maximum term of commitment under the judgment has not expired or otherwise been lawfully terminated, then the court hearing the application for *habeas corpus* should decline to discharge the prisoner for lack of jurisdiction."

With respect to decisions of the Prison Review Board and the petitioner's right to *habeas corpus*, the *Spivey* court also stated:

> "Parole is a matter of grace and not of legal right. A convict cannot invoke it at his own will and has no right to demand that he be discharged before the expiration of the maximum term of his sentence. [Citations.] The Parole Act [citation] does

not by its provisions violate any right of a citizen guaranteed by the Federal or State constitutions. [Citations.] *** A court has no jurisdiction in a *habeas corpus* proceeding to enter an order for a prisoner's release because of equitable considerations and no right to exercise clemency through its own processes. [Citation.] The exercise of clemency is an executive, not a judicial function." (*Spivey*, 10 Ill. 2d at 594-95, 141 N.E.2d at 325-26.)

In *People ex rel. Burbank v. Irving* (1982), 108 Ill. App. 3d 697, 701-02, 439 N.E.2d 554, 557, the court stated:

"[T]he Illinois Habeas Corpus Act does not provide relief to a prisoner whose request for parole has been unreasonably, arbitrarily, or capriciously denied. Even those decisions of the Board that are tantamount to the alleged constitutional violations of which the petitioner claims here are not subject to *habeas corpus* relief in the Illinois courts. This is true because parole is not a termination of the prisoner's sentence and does not entitle him to immediate discharge, which is the sole relief available under our Act. In Illinois, the mere existence of a system for paroling prisoners does not transform parole into a legal right. [Citations.] Admission to a parole status does not terminate a prisoner's sentence, therefore entitling him to discharge, for parole is simply an alternative method by which he may complete his sentence. [Citation.] *** For a court to order a *habeas corpus* discharge before the petitioner's sentence is completed on the basis of an erroneous or inequitable denial of parole, would exceed its authority under the Habeas Corpus Act and constitute an exercise of clemency, a function vested in the executive, not judicial, branch."

Dismissal of the petition for *habeas corpus* by the trial court was correct.

The parties argue Federal cases concerning *habeas corpus*, but as pointed out in *Burbank*, the scope of the Illinois act in comparison to the Federal *habeas corpus* law is very narrow. If we were to apply the Federal case law with respect to *habeas corpus*, the result would be no different. The following discussion also points out the futility in petitioner's request for *mandamus*.

As stated in *Heirens v. Mizell* (7th Cir. 1984), 729 F.2d 449, 466, quoting *United States ex rel. Scott v. Illinois Parole & Pardon Board* (7th Cir. 1982), 669 F.2d 1185, 1190:

" 'To satisfy minimum due process requirements a statement of reasons should be sufficient to enable a reviewing body to

determine whether parole has been denied for an impermissible reason or for no reason at all. For this essential purpose, detailed findings of fact are not required, provided the Board's decision is based upon consideration of all relevant factors and it furnishes to the inmate both the grounds for the decision \*\*\* and the essential facts upon which the Board's inferences are based.' "

Further, in *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex* (1979), 442 U.S. 1, 15-16, 60 L. Ed. 2d 668, 680-81, 99 S. Ct. 2100, 2108, the Supreme Court stated:

"[W]e find nothing in the due process concepts as they have thus far evolved that requires the Parole Board to specify the particular 'evidence' in the inmate's file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release. \*\*\* To require the parole authority to provide a summary of the evidence would tend to convert the process into an adversary proceeding and to equate the Board's parole-release determination with a guilt determination. The Nebraska statute contemplates, and experience has shown, that the parole-release decision is, as we noted earlier, essentially an experienced prediction based on a host of variables."

In the instant case, the board's 1985 decision pointed out that the board had carefully reviewed the petitioner's case for parole, including the statement of facts, his institutional adjustment, parole plans, and his own statement as well as a presentation made by his relatives at the parole hearing. The board noted the reason for his present incarceration, the background of the particular incidents involved, his prior conviction for bank robbery, and while serving that sentence he committed the present crimes and stated:

"The Board after careful deliberation, feels that parole at this time would deprecate the seriousness of the offense and promote disrespect for the law. Therefore, parole is denied."

The 1986 denial set forth the facts similar in the 1985 denial and in addition stated:

"After a careful review of all materials presented, the Prisoner Review Board in En Banc hearing session feels that due to the nature and conduct of the offense, and your previously demonstrated inability to remain trouble free in an unstructured environment you still present a risk and could resort to unacceptable behavior. The Board further feels to release you at this time would deprecate the seriousness of the offenses and promote

disrespect for the law."

The 1987 denial again reviewed the criminal conduct of the petitioner, his plans concerning a parole to New Jersey, his adjustment in the penitentiary and stated further:

> "However, noting all factors including a prior record, violation while on furlough, and incredibly violent offenses resulting in death and disability for innocent victims, the Board decides that Mr. Pardo represents a considerable risk as a parolee to the free community."

■ Contrary to the petitioner's argument, the rationales set forth by the parole board are not so vague as to violate due process. The board's orders, including the circumstances of the particular offenses, his criminal history, and the board's conclusions therefrom, provide ample support for denying the petition for parole.

■ With respect to petitioner's request for *mandamus*, *mandamus* is not an order of absolute right but is an extraordinary remedy and will not issue in doubtful cases. (*Kramer v. City of Chicago* (1978), 58 Ill. App. 3d 592, 598, 374 N.E.2d 932, 938.) Although *mandamus* may provide a remedy against a clear abuse of discretion by an inferior tribunal or an administrative officer, its application is restricted to directing that action be taken and it is not available to direct what action should be taken. *People ex rel. Elmore v. Allman* (1943), 382 Ill. 156, 46 N.E.2d 974.

■ The petitioner has failed to demonstrate that he has any clear right to the relief in question. As shown by the board's rationales with respect to the denial of parole in 1985, 1986, and 1987, the board did articulate legitimate reasons for denying petitioner's parole. As stated heretofore in this decision, the petitioner's due process rights were protected and satisfied.

He is entitled to neither an order for *habeas corpus* nor an order for *mandamus* and the trial court should be affirmed.

Affirmed.

GREEN, P.J., and SPITZ, J., concur.