PAUL O. CRUMP, Plaintiff-Appellant, v. THE ILLINOIS PRISONER RE-
VIEW BOARD *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—88—0671

Opinion filed March 20, 1989.

Elmer Gertz, of Chicago, and Donald S. Rothschild & Associates, Ltd., of Oak Park (Donald S. Rothschild, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Kenneth A. Fedinets, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE QUINLAN delivered the opinion of the court:

Plaintiff, an inmate at the Menard Correctional Center, appeals to this court from the circuit court of Cook County's denial of his petition for a writ of *mandamus*. In his petition below, plaintiff alleged that defendants, the Illinois Prisoner Review Board (Review Board) and its individual members, had unconstitutionally denied him parole. The circuit court held that a writ of *mandamus* was not the appropriate remedy in this case and dismissed plaintiff's petition. We affirm.

Plaintiff, Paul Crump, was charged with murder for the March 1953 shooting of an unarmed security guard during an armed robbery. Plaintiff was convicted and was sentenced to death. The Illinois Supreme Court, however, reversed his conviction and remanded the case for a new trial. (*People v. Crump* (1955), 5 Ill. 2d 251, 125 N.E.2d 615.) Plaintiff was convicted of murder a second time and was again sentenced to death. The Illinois Supreme Court affirmed the second conviction and death sentence. (*People v. Crump* (1957), 12 Ill. 2d 402, 147 N.E.2d 76, *cert. denied* (1958), 357 U.S. 906, 2 L. Ed. 2d 1155, 78 S. Ct. 1148.) Plaintiff's death sentence was commuted in 1962 by Otto Kerner, the Governor of Illinois at that time, to 199 years without parole. Despite the fact that plaintiff's commuted sentence was for 199 years without parole, he was nonetheless considered for parole in 1965 and again in 1969, although he was denied parole on both occasions. The provision of plaintiff's sentence that proscribed parole was removed in 1976. Plaintiff has been considered for parole nine times since 1976 and has been denied parole each time.

In November 1982, plaintiff filed an action for damages and declaratory relief and for a writ of *habeas corpus* in the United States District Court for the Northern District of Illinois, alleging that the Review Board had acted unlawfully and improperly in denying him parole. The district court dismissed both plaintiff's suit for declaratory judgment and his petition for writ of *habeas corpus* on the grounds that plaintiff had failed to exhaust his State remedies. Thereafter, plaintiff petitioned the Illinois Supreme Court for a writ of *mandamus*, but the supreme court denied plaintiff's petition without stating its reasons for the denial. The plaintiff then asked the district court to reinstate plaintiff's action, which the court did, ruling that plaintiff had now exhausted his State remedies. However, after a hearing, plaintiff's request for *habeas corpus* relief and also his request for relief on his other claims were denied.

Next, plaintiff appealed to the Court of Appeals for the Seventh Circuit. The Seventh Circuit held that plaintiff had not in fact exhausted his State remedies since his petition only asked for leave to

file a writ of *mandamus* and the Illinois Supreme Court's denial of his petition was not a decision on the merits. Hence, the court said that plaintiff was required to petition the circuit court of Cook County for a writ of *mandamus* before he could proceed in Federal court with his action. Consequently, as stated above, plaintiff then unsuccessfully petitioned the circuit court of Cook County for a writ of *mandamus*. This appeal has now followed.

■ *Mandamus* relief is an extraordinary remedy used to direct a public official or body to perform a duty which the plaintiff has a clear right to have performed and which is ministerial, *i.e.*, a duty which does not involve the exercise of judgment or discretion. (*Daley v. Hett* (1986), 113 Ill. 2d 75, 80, 495 N.E.2d 513, 515; *People ex rel. Abner v. Kinney* (1964), 30 Ill. 2d 201, 207, 195 N.E.2d 651, 654.) *Mandamus* cannot be used to direct a public official or body to reach a particular decision or to exercise its discretion in a particular manner, even if the judgment or discretion has been erroneously exercised. (*Daley*, 113 Ill. 2d at 80, 495 N.E.2d at 515-16; *Pardo v. Chrans* (1988), 174 Ill. App. 3d 549, 554, 528 N.E.2d 1071, 1074.) Further, absent an abuse of discretion, a reviewing court will not overturn the trial court's grant or denial of a writ of *mandamus*. *Franks v. Tucker* (1985), 132 Ill. App. 3d 455, 462, 476 N.E.2d 1315, 1320.

Plaintiff alleges that *mandamus* is the appropriate remedy in this case, citing the Third District Appellate Court decision in *Graham v. Klincar* (1987), 163 Ill. App. 3d 1091, 517 N.E.2d 606, along with various Federal decisions. The plaintiff in *Graham*, a prisoner sentenced to an indeterminate term of 40 to 80 years for felony murder, filed a *habeas corpus* petition seeking his release from prison. (*Graham*, 163 Ill. App. 3d at 1092, 517 N.E.2d at 607.) The plaintiff there alleged that a newly enacted requirement that the Review Board conduct an *en banc* parole hearing before it could grant parole, under which the plaintiff was denied parole, was unconstitutional. (*Graham*, 163 Ill. App. 3d at 1092, 517 N.E.2d at 607.) The third district did not agree and held that the Review Board had not violated the plaintiff's constitutional rights when it denied him parole since the plaintiff had not served his maximum sentence and no events warranting his discharge had occurred. Accordingly, the court ruled that the plaintiff had failed to state a claim for either *habeas corpus* or *mandamus* relief. (*Graham*, 163 Ill. App. 3d at 1093, 517 N.E.2d at 607.) However, in distinguishing the two forms of relief, the court observed, *"Mandamus* *** compels public officials to exercise their vested discretion. [Citation.] Such proceedings may appropriately remedy constitutional violations

of parole procedures." (*Graham*, 163 Ill. App. 3d at 1092, 517 N.E.2d at 607.) Plaintiff cites the above-quoted statement in support of his request for *mandamus* relief here.

In this same regard, plaintiff also relies on several Federal decisions to support his petition for *mandamus*. Among the Federal cases that plaintiff relies on is *United States ex rel. Johnson v. McGinnis* (7th Cir. 1984), 734 F.2d 1193. In *Johnson*, the plaintiff had filed a petition for writ of *habeas corpus* in the Federal district court. (See *United States ex rel. Johnson v. McGinnis* (N.D. Ill. 1983), 571 F. Supp. 270, *rev'd* (7th Cir. 1984), 734 F.2d 1193.) The plaintiff was challenging, on constitutional grounds, the Review Board's reasons for denying him parole. (*Johnson*, 734 F.2d at 1194.) The district court granted the plaintiff's petition, but the Seventh Circuit reversed and denied plaintiff's petition. (*Johnson*, 734 F.2d 1193.) The Seventh Circuit held that the plaintiff had failed to exhaust his State remedies because he had not petitioned the State courts for a writ of *mandamus*. (*Johnson*, 734 F.2d at 1200.) The *Johnson* court, in reversing the Federal district court, said that "petitions for writs of mandamus *** may be an appropriate remedy for constitutional violations of parole procedures and prison conditions." (*Johnson*, 734 F.2d at 1198.) Consequently, the plaintiff asserts that inasmuch as the Federal courts will not review a *mandamus* petition unless it has been brought before a State court, and in view of the statement of the Illinois Appellate Court in *Graham*, he was entitled to a determination on his writ of *mandamus* and, accordingly, the trial court was in error when it ruled that *mandamus* was not an appropriate remedy.

On the other hand, defendants assert that the circuit court properly denied plaintiff's petition for a writ of *mandamus*. Defendants point out that the Review Board is vested with the exclusive authority to parole inmates (see Ill. Rev. Stat. 1987, ch. 38, par. 1003—3—1 *et seq.*), and that its decision to grant or deny a request for parole is entirely discretionary. Therefore, the decision to deny plaintiff's parole requests here was an exercise of the Board's discretion and was not subject to a *mandamus* action. The defendants further argue that even if the Review Board's action was subject to *mandamus*, there was, nonetheless, no constitutional violation since inmates in Illinois have no protected interest in parole. See *People ex rel. Castle v. Spivey* (1957), 10 Ill. 2d 586, 141 N.E.2d 321.

■ We agree with the defendants that their decision to deny parole to plaintiff was a discretionary decision and, thus, not normally a proper subject for *mandamus* relief. This is particularly true here, since in his petition for a writ of *mandamus*, plaintiff specifically

asked that the Review Board be directed and commanded to grant him parole. Under section 3—3—5 of the Unified Code of Corrections, however, the Prisoner Review Board has, as noted, complete discretion to determine whether a prisoner is eligible for parole. (Ill. Rev. Stat. 1987, ch. 38, par. 1003—3—5.) Hence, since *mandamus* cannot be used to direct an inferior tribunal to reach a particular decision or to exercise its discretion in a particular manner (*Daley*, 113 Ill. 2d at 80, 495 N.E.2d at 515), *mandamus* was not an appropriate form of relief here.

We agree that in certain cases allegations of constitutional violations by an inmate can state a cause of action for *mandamus* relief. For example, *mandamus* has been used to compel the Review Board to grant an accused parole violator a reasonably prompt final revocation hearing. (*People ex rel. Tucker v. Kotsos* (1977), 68 Ill. 2d 88, 368 N.E.2d 903.) It has also been used to compel prison officials to follow their internal rules for disciplinary hearing procedures (*Taylor v. Franzen* (1981), 93 Ill. App. 3d 758, 417 N.E.2d 242), to determine whether the Review Board has improperly denied an inmate the good-time credits to which he is entitled (*Freeman v. Lane* (1985), 129 Ill. App. 3d 1061, 473 N.E.2d 584; *Cornes v. Groves* (1984), 122 Ill. App. 3d 1085, 462 N.E.2d 722), and to compel the Review Board to provide an inmate with a hearing on his application for parole, once the inmate has become eligible for parole (*People ex rel. Abner v. Kinney* (1964), 30 Ill. 2d 201, 195 N.E.2d 651).

In all of the cases cited above, unlike the present case, the petitioners sought *mandamus* essentially to compel the Review Board to exercise its discretion. Here, plaintiff concedes that the Review Board has exercised its discretion. The plaintiff in this case is challenging the result of the Review Board's exercise of discretion and is asking this court to direct the Review Board to exercise its discretion in a certain manner. As noted earlier, *mandamus* will not lie in such a case.

■ Additionally, there is no basis for plaintiff's claim that *mandamus* is the appropriate remedy to redress every alleged unconstitutional denial of parole in Illinois. Plaintiff cites *Graham* as authority for this contention, but the statement in that case upon which plaintiff relies was merely *dicta*. (See *Graham*, 163 Ill. App. 3d at 1092, 517 N.E.2d at 607.) Also, in *Graham*, the court actually denied the plaintiff's request for relief. In a case similar to the present case, the Illinois Fourth District Appellate Court has expressly held that a plaintiff was not entitled to a writ of *mandamus* based on his allegation that the Review Board there had unlawfully and unconstitution-

ally denied him parole. (See *Pardo v. Chrans* (1988), 174 Ill. App. 3d 549, 528 N.E.2d 1071.) Therefore, we find that the circuit court properly denied plaintiff's petition for a writ of *mandamus* here. We also find that plaintiff's general contention that he was unconstitutionally denied parole is legally insufficient to state a basis for a writ of *mandamus*.

For all of the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY and O'CONNOR, JJ., concur.