NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230219-U

NO. 4-23-0219

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 29, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| N.M. LAND, LLC, | ) | Appeal from the |
|     Petitioner-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| THE DEPARTMENT OF MILITARY AFFAIRS; | ) | No. 21MR1180 |
| JAMES SMITH, in His Capacity as Chief of Staff of | ) | |
| the Department of Military Affairs; THE CHIEF | ) | |
| PROCUREMENT OFFICE; and ELLEN H. DALEY, | ) | |
| Chief Procurement Officer, Chief Procurement Office, | ) | Honorable |
|     Respondents-Appellees. | ) | Christopher G. Perrin, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court.
Justices Harris and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, finding the circuit court did not err in denying
petitioner's application for a writ of *mandamus*.

¶ 2    In March 2021, the Department of Military Affairs (department), a respondent in
this case, invited bids to lease two parcels of land. Petitioner, N.M. Land, LLC, submitted the
highest bid. The department rejected petitioner's bid and awarded the contract to the second-
highest bidder, Dutch-Marie Dairy (Dutch-Marie), because petitioner did not register with the
State Board of Elections (BOE) before bidding.

¶ 3    Petitioner sought writs of *certiorari* and *mandamus*, urging the circuit court to
reverse the department's decision and award petitioner the contract. The court denied the
*mandamus* claim, but it granted the *certiorari* claim, finding petitioner was not statutorily

required to register with the BOE before bidding. The court vacated the department's decision to award the contract to Dutch-Marie and remanded the matter for further proceedings.

¶ 4 On appeal, petitioner argues the circuit court erred in denying its application for *mandamus*. We disagree.

¶ 5 I. BACKGROUND

¶ 6 On March 10, 2021, the department published an invitation for bids to lease two parcels of state-owned farmland. According to the invitation, the department would evaluate bidders based on "[r]esponsibility, [r]esponsiveness, and [p]rice." The invitation specified a responsive bidder would "submit[ ] a bid that conforms in all material respects to the Invitation for Bid and includes *all required* forms." (Emphasis in original.) A responsible bidder would have "the capability in all respects to perform fully the contract requirements" and "the integrity and reliability that will assure good faith performance." The invitation asserted the department would identify "the highest priced bidder that meets [the] responsibility and responsiveness requirements," noting the department "ranks bids in order of price when appropriate." The invitation established that "[t]he State is not obligated to award a contract pursuant to this solicitation." It further declared "[t]he State may accept or reject a bidder's bid as submitted or may require contract negotiations," and "[i]f negotiations do not result in an acceptable agreement, the State may reject the bidder's bid and begin negotiations with another bidder."

¶ 7 The department awarded the contract to Dutch-Marie, which submitted a bid of $90,036. While petitioner submitted the highest bid at $105,002.64, the department asked the state purchasing officer to find petitioner's bid nonresponsive because petitioner did not register with the BOE when it entered its bid pursuant to section 20-160(c) of the Illinois Procurement Code (Procurement Code). See 30 ILCS 500/20-160(c) (West 2020). The purchasing officer

granted the request, found petitioner's bid nonresponsive, and approved Dutch-Marie as the award's recipient. Petitioner protested the purchasing officer's decision, and the department denied the protest.

¶ 8        On August 30, 2022, petitioner filed an amended petition seeking writs of *certiorari* and *mandamus*, arguing the Procurement Code did not require petitioner to register with the BOE, and therefore, the department erroneously rejected petitioner's bid. Petitioner asked the circuit court to compel the department to reverse or vacate its award to Dutch-Marie and award the contract to petitioner.

¶ 9        On September 22, 2022, the circuit court entered an order granting petitioner's *certiorari* request and finding the Procurement Code did not require petitioner to register with the BOE prior to bidding. Specifically, the court found that, based on the Procurement Code's plain language, the department should have calculated the average annual value of petitioner's bid rather than the bid's aggregated total, and thus, petitioner was not required to register with the BOE. See 30 ILCS 500/20-160(c) (West 2020). The court entered an order reversing the department's decision and remanding the matter for further proceedings. The order concluded, "This is a final and appealable order with no just cause to delay its enforcement." It did not address petitioner's *mandamus* claim.

¶ 10       On October 21, 2022, the department filed a motion for reconsideration and clarification. The motion challenged the circuit court's interpretation of the Procurement Code, arguing the word "annually" in section 20-160(c) referred to all bids submitted by an entity in a calendar year, which should be aggregated and totaled when determining whether that entity must register with the BOE. The motion further requested that, if the court did not vacate its

order and affirm the department's decision to reject petitioner's bid, the court address petitioner's *mandamus* claim and clarify what proceedings should take place on remand.

¶ 11        On February 15, 2023, the circuit court denied the department's motion to reconsider, but it clarified that (1) its order reversed the purchasing officer's decision to find petitioner's bid nonresponsive because petitioner "was denied the right to a fair procurement process," (2) the department's award of the contract to Dutch-Marie was "overturned, vacated[,] and set aside," (3) the matter was remanded to the chief procurement officer for further proceedings, (4) petitioner's due process claim was moot after its petition for writ of *certiorari* was granted, (5) the court denied petitioner's request for a writ of *mandamus*, and (6) the court denied petitioner's motion for rule to show cause.

¶ 12        This appeal followed.

¶ 13                        II. ANALYSIS

¶ 14        Petitioner argues the circuit court erred in denying its application for *mandamus* relief. Petitioner insists it established a clear right to the lease, the department has a duty to award the lease to the highest responsible bidder, and the department has the authority to do so. We disagree.

¶ 15                        A. Jurisdiction

¶ 16        As a preliminary matter, we note our review is limited to the circuit court's denial of petitioner's *mandamus* request. Petitioner claims this is a direct appeal from a final judgment and our jurisdiction arises under Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017). However, per its clarifying order, the court denied petitioner's *mandamus* claim, vacated the purchasing officer's decision finding petitioner's bid nonresponsive, and remanded the matter to the chief procurement officer for further proceedings. We lack

- 4 -

jurisdiction under Rules 301 and 303 because the court did not deliver a final judgment on all of petitioner's claims. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 17 Nevertheless, we have jurisdiction under Rule 304(a), which permits appeals from final judgments on individual issues in cases containing multiple claims for relief. See Ill. S. Ct. 304(a) (eff. Mar. 8, 2016) ("If *** multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one *** of the *** claims only if the trial court has made an express written finding that there is no just reason for delaying *** enforcement ***."). Here, the circuit court's clarifying order denied petitioner's application for a writ of *mandamus* and asserted, "This is a final and appealable order with no just cause to delay its enforcement." Accordingly, we may consider petitioner's appeal concerning the denial of his *mandamus* claim, as the court entered a final judgment on that issue and made the requisite express written finding.

¶ 18                                B. Standard of Review

¶ 19 "Generally, a reviewing court will only reverse a trial court's decision to grant or deny *mandamus* when it is against the manifest weight of the evidence or where the court abused its discretion." *State Board of Elections v. Shelden*, 354 Ill. App. 3d 506, 509, 821 N.E.2d 698, 701 (2004). The manifest weight of the evidence standard is appropriate where a circuit court makes findings of fact based on the evidence presented. See *Lurie v. Wolin*, 2017 IL App (1st) 161571, ¶ 32, 86 N.E.3d 1185 ("When the circuit court holds an evidentiary hearing ***, the appellate court will not disturb the circuit court's findings of fact unless those findings are contrary to the manifest weight of the evidence."); *Forest Preserve District of Cook County v. Royalty Properties, LLC*, 2018 IL App (1st) 181323, ¶ 23, 138 N.E.3d 766 (applying the manifest weight of the evidence standard to the circuit court's factual findings following an evidentiary hearing). Here, we do not know whether the circuit court made any factual

findings—the record does not include a transcript of the proceedings below, and the court's orders granting *certiorari* and denying *mandamus* do not contain findings of fact. Under these circumstances, the manifest weight of the evidence standard is inapt, and we apply solely the abuse of discretion standard. "An abuse of discretion exists where the trial court's decision is arbitrary or fanciful, or where no reasonable person would agree with the court's position." (Internal quotation marks omitted.) *Mabwa v. Mendoza*, 2014 IL App (1st) 142771, ¶ 39, 19 N.E.3d 1252.

¶ 20                                      C. *Mandamus* Relief

¶ 21            "*Mandamus* relief is an extraordinary remedy used to direct a public official or body to perform a duty which the plaintiff has a clear right to have performed and which is ministerial, *i.e.*, a duty which does not involve the exercise of judgment or discretion." *Crump v. Illinois Prisoner Review Board*, 181 Ill. App. 3d 58, 60, 536 N.E.2d 875, 877 (1989). "[T]o obtain *mandamus* relief, a petitioner must demonstrate (1) a clear right to the requested relief, (2) the respondent's clear duty to act, and (3) the respondent's clear authority to comply with the terms of the writ." *Shelden*, 354 Ill. App. 3d at 509. "*Mandamus* cannot be used to direct a public official or body to reach a particular decision or to exercise its discretion in a particular manner, even if the judgment or discretion has been erroneously exercised." *Crump*, 181 Ill. App. 3d at 60.

¶ 22            Petitioner argues it established a clear right to the contract, and the department has the power and authority to award the contract to petitioner. The department counters that *mandamus* relief would be improper because it had no clear duty to award the contract to petitioner. We find the circuit court did not err in denying petitioner's *mandamus* request because the department exercised discretion in determining the contract's recipient, as

demonstrated by the language of the Procurement Code, the Illinois Administrative Code, and the invitation.

¶ 23    According to the Procurement Code, "[t]he State shall be under no obligation to issue an award or execute a contract." 30 ILCS 500/1-25 (West 2020). "No person shall have any right to a specific contract with the State unless that person has a contract that has been signed by an officer or employee of the purchasing agency with appropriate signature authority." 30 ILCS 500/1-25 (West 2020). When a State agency conducts a competitive bidding process to determine the best recipient for a contract, an "[a]ward shall be made to the respondent determined in writing by the purchasing agency to be best qualified based on the evaluation factors set forth in the request for proposals." 30 ILCS 500/20-35(e) (West 2020). "[A]ny and all bids, offers, proposals, or any other solicitation may be rejected in whole or in part as may be specified in the solicitation, when it is in the best interests of the State in accordance with rules." 30 ILCS 500/20-40 (West 2020). "Except as otherwise provided in this Code, determinations made by a chief procurement officer, State purchasing officer, or a purchasing agent under this Code are final and conclusive unless they are clearly erroneous, arbitrary, capricious, or contrary to law." 30 ILCS 500/20-70 (West 2020). The Procurement Code's language shows the department's decision to award a contract falls within its discretion. See *Crump*, 181 Ill. App. 3d at 60.

¶ 24    The language of the Administrative Code and the invitation reinforces this conclusion. Under the Administrative Code, "[n]o person shall have any right to a specific contract with the State unless that person has a contract that has been signed by an officer *** with appropriate signature authority. The State shall be under no obligation to issue an award or execute a contract." 44 Ill. Adm. Code 1.25, amended at 40 Ill. Reg. 16126 (eff. Dec. 5, 2016).

"Receipt of a solicitation or procurement document, or submission of any response to a solicitation or other procurement request, solicited or otherwise, confers no right to receive an award or contract, nor does it obligate the State in any manner." 44 Ill. Adm. Code 1.25, amended at 40 Ill. Reg. 16126 (eff. Dec. 5, 2016). "Any solicitation may be cancelled before or after opening when the [state purchasing officer] determines cancellation to be in the State's best interest. *** Nothing shall compel the award of a contract." 44 Ill. Adm. Code 1.2040(a), amended at 40 Ill. Reg. 16126 (eff. Dec. 5, 2016). The invitation asserted "[t]he State is not obligated to award a contract pursuant to this solicitation," "[t]he State may accept or reject a bidder's bid as submitted or may require contract negotiations," and "[i]f negotiations do not result in an acceptable agreement, the State may reject the bidder's bid and begin negotiations with another bidder."

¶ 25      Even if the department erroneously found petitioner's bid nonresponsive—an issue we do not reach, as it is not before us on appeal—*mandamus* relief "cannot be used to direct a public official or body to reach a particular decision or to exercise its discretion in a particular manner." *Crump*, 181 Ill. App. 3d at 60. This is true even where "the judgment or discretion has been erroneously exercised." *Crump*, 181 Ill. App. 3d at 60. The circuit court did not err in denying petitioner *mandamus* relief because the department enjoyed discretion in determining the contract's recipient. The court's decision was not an abuse of discretion where it was not "arbitrary or fanciful, or where no reasonable person would agree with the court's position." (Internal quotation marks omitted.) *Mabwa*, 2014 IL App (1st) 142771, ¶ 39. Therefore, we affirm the court's denial of petitioner's application for a writ of *mandamus*.

Additionally, we accepted respondents' Motion to Cite Supplemental Authority to

be considered at oral argument. At the conclusion of oral argument, the court voted to deny the motion as irrelevant to the analysis and disposition.

¶ 26                              III. CONCLUSION

¶ 27           For the reasons stated, we affirm the circuit court's judgment.

¶ 28           Affirmed.