THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT SCHAEFER, Defendant-Appellant.

Second District    No. 2—02—0429

Opinion filed September 2, 2003.

Theodore G. Gailan, of Law Offices of Theodore G. Gailan, of Bloomingdale, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Robert Schaefer, was charged with driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 2000)), driving while his license was suspended (625 ILCS 5/6—303(a) (West 2000)), and improper lane usage (625 ILCS 5/11—709(a) (West 2000)). The Secretary of State suspended defendant's driving privileges, and he petitioned the trial court to rescind the suspension. During the hearing on the petition to rescind the suspension, the trial court granted the State's motion for a directed finding and denied defendant's petition to rescind his suspension. Defendant timely appealed. On appeal, defendant contends that the suspension issued in this case should be rescinded because the arresting officer was outside his jurisdiction when he arrested defendant and thus lacked any statutory authority to arrest defendant. We affirm.

At the hearing on defendant's petition to rescind the suspension, Officer John Matuga testified that he was working as an Itasca police officer on October 29, 2001. At approximately 12:30 a.m., he was driving south on Rohlwing Road near the intersection of Rohlwing and Hollywood Avenue, which is in Du Page County. At that time, Matuga observed a white Cadillac pass him traveling north on Rohlwing. Matuga recognized that the driver was defendant, who he believed had a suspended license. Matuga maneuvered a U-turn and proceeded to follow the vehicle traveling north on Rohlwing.

As Matuga was following the vehicle, he saw the vehicle swerve and cross over the left-lane marker near the intersection of Rohlwing and Hollywood. The officer observed the vehicle's wheels cross over the left-lane marker approximately 12 inches. As Matuga continued to follow the vehicle, he contacted dispatch and asked dispatch to inform him about the status of defendant's driving privileges. Matuga also testified that he could have stopped the vehicle when he observed it cross over the left-lane marker.

Matuga further testified that the vehicles proceeded to pass the intersection of Rohlwing and Devon Avenue, which is the boundary line between Itasca and Elk Grove Village. Elk Grove Village is in Cook County. When the vehicles approached the intersection of Biesterfield Road and Rohlwing, which is in Cook County, Matuga confirmed that defendant was operating the vehicle. At approximately the same time, Matuga received a call from dispatch informing him that defendant's driving privileges were suspended. Matuga effectuated a stop of the vehicle, approached defendant, and observed that defendant appeared to be intoxicated. The officer had defendant perform several field sobriety tests, many of which defendant failed. Matuga arrested defendant for DUI, driving while his license was suspended, and improper lane usage.

Defendant's testimony was consistent with Matuga's testimony in almost all relevant respects. However, defendant denied that he crossed over the left-lane marker.

The State moved for a directed finding, and the trial court continued the case, taking the motion under advisement. The trial court stated that Matuga had reasonable grounds to believe that defendant committed improper lane usage in Du Page County. The trial court also noted, with reference to the charge of driving with a suspended license, that Matuga was not certain that defendant was driving the vehicle until defendant was in Cook County. The trial court continued the case to determine whether Matuga had jurisdiction to arrest defendant in Cook County.

At a later court date, the trial court granted the State's motion for a directed finding and denied defendant's petition to rescind his suspension. The trial court found that Matuga was a very credible witness. The trial court found that, as Matuga was following defendant, Matuga observed lane violations, then investigated. The officer was also investigating whether defendant was driving the vehicle and whether his driving privileges were suspended. The trial court further found that there was statutory authority for Matuga to arrest defendant in Cook County, and it found that Matuga had probable cause justifying defendant's arrest. The trial court denied defendant's

petition to rescind the suspension of defendant's driving privileges and ordered the Secretary of State to continue the suspension of defendant's driving privileges. Defendant moved to reconsider, and the trial court denied the motion. Defendant timely appeals the trial court's denial of his petition to rescind his suspension.

Defendant contends that the trial court's ruling was against the manifest weight of the evidence. He argues that his suspension must be rescinded because Matuga was not within his jurisdiction when he arrested defendant and there was no statutory authority for Matuga to make the arrest outside of Du Page County. Defendant argues that Matuga had no authority pursuant to section 107—4(a—3)(1) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/107—4(a—3)(1) (West 2000)) because Matuga did not *know* whether an offense was committed within the officer's jurisdiction.

■ Generally, the judgment on a petition to rescind a statutory summary suspension will be reversed only if it was manifestly erroneous. *People v. Rush*, 319 Ill. App. 3d 34, 38 (2001). A decision is manifestly erroneous if it is palpably erroneous and wholly unwarranted, or arbitrary, unreasonable, and not based on the evidence. *People v. Leach*, 245 Ill. App. 3d 644, 655 (1993).

■ Section 107—4(a—3)(1) of the Code provides as follows:

"Any peace officer *** may make arrests in any jurisdiction within this State if: (1) the officer is engaged in the investigation of an offense that occurred in the officer's primary jurisdiction and *** the arrest is made pursuant to that investigation[.]" 725 ILCS 5/107—4(a—3)(1) (West 2000).

■ Here, according to the record and the trial court's findings, Matuga arrested defendant for, among other things, improper lane usage. This offense occurred in Du Page County, and Matuga clearly had the authority to arrest defendant in Cook County for traffic violations that occurred within Du Page County. See *People v. Owen*, 323 Ill. App. 3d 653, 657 (2001) (noting that an officer has the authority to arrest a defendant in a neighboring county for offenses that occurred within the officer's jurisdiction). Defendant's claim that improper lane usage is a minor infraction that could not support the eventual arrest has no bearing on this case. See *Rush*, 319 Ill. App. 3d at 40 (holding that a driver's single momentary crossing of the center line is a sufficient basis for a stop).

Moreover, the facts establish that Matuga was conducting an investigation of offenses that originated in Du Page County, namely, improper lane usage and driving while his license was suspended. The eventual arrest in Cook County was made pursuant to that investigation. Section 107—4(a—3)(1) of the Code imposes no requirement that

an officer must conclusively *know* that an offense has been committed before the officer may follow a driver outside the officer's jurisdiction and arrest the driver for offenses that occurred within the officer's jurisdiction. Rather, the statute specifically provides that an officer may make an arrest outside the officer's jurisdiction if the officer is *investigating* whether an offense occurred within the officer's jurisdiction. See 725 ILCS 5/107—4(a—3)(1) (West 2000). Given the facts presented in this case, we hold that Matuga had authority to arrest defendant in Cook County for violations occurring in Du Page County.

Our determination that Matuga had authority pursuant to section 107—4(a—3)(1) of the Code to arrest defendant in Cook County obviates the need to address defendant's other arguments regarding Matuga's authority as a private citizen to arrest defendant in Cook County.

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and BOWMAN, JJ., concur.