**STATE of Missouri, Respondent,**

v.

**Reginald I. WILLIAMS, Appellant.**

No. ED 98275.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 25, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 2013.

Application for Transfer Denied Oct. 29, 2013.

Maleaner Harvey, Assistant Public Defender, Office of the Missouri Public Defender, St. Louis, MO, for appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for respondent.

KURT S. ODENWALD, Judge.

*Introduction*

Reginald Williams ("Williams") appeals from the judgment entered upon a jury verdict of felony stealing, Section 570.030.[1] A jury convicted Williams of stealing property worth in excess of $500, and the trial court entered judgment accordingly. On appeal, Williams argues that the trial court erred in admitting into evidence the laptop computer and tracking device obtained from Williams and statements made by Williams upon his arrest because the City of St. Louis police officers who arrested

1. All statutory references are to RSMo. Cum. Supp. (2011).

Williams were outside of their jurisdiction at the time of the arrest. The police officers had followed Williams from the City of St. Louis, Missouri into East St. Louis, Illinois where they arrested him. Williams also contends that insufficient evidence exists in the record to support his conviction. Because the police officers were engaged in a lawful fresh pursuit of Williams, the physical evidence and statement obtained by the officers at the time of Williams's arrest were lawfully seized, and were admissible at trial even though they were obtained outside of the police officers' jurisdiction. Further, because sufficient evidence exists in the record to support Williams's conviction, we affirm the judgment of the trial court convicting Williams of felony stealing.

### Factual and Procedural History

The evidence at trial, viewed in the light most favorable to the verdict, is as follows. On January 18, 2011, Detective Rodney Hickman ("Det. Hickman") set up a bait car at 1401 Chestnut Street in the City of St. Louis, Missouri. Det. Hickman placed a black bag containing a laptop computer and an electronic tracking device in the front seat of the vehicle. Det. Hickman also notified other officers in the department of the existence of the bait car and tracking mechanism. On January 23, 2011, the tracking device activated, indicating that the laptop had been removed from the bait car.

At the same time, St. Louis Police Officers Willie Haymore ("Officer Haymore") and James Zwilling ("Officer Zwilling") were patrolling in the City of St. Louis, and received a notification from their dispatcher that the tracking device on the laptop had been activated. Officer Haymore had previously received Det. Hickman's notification of the bait car and tracking mechanism, and understood that the

activation of the tracking beacon meant that someone had removed the laptop bag from the bait car. The officers immediately began following the signal from their location in order to pursue the suspect they believed was in the act of stealing the laptop and tracking device. Following the tracking device signal, the officers pursued Williams from the City of St. Louis, Missouri to the MetroLink station in East St. Louis, Illinois. As the officers approached the MetroLink platform, they heard another officer shout "laptop bag," and saw Williams with the laptop. After a brief struggle, Officer Haymore forced Williams to the ground and handcuffed him. Williams informed the officers that he found the laptop on the train. Approximately 15 minutes elapsed between the time the tracking beacon activated, and Williams's arrest.

Kenneth McCaster ("McCaster") was nearby at the time of Williams's arrest, and heard Williams tell Officer Haymore that Williams found the laptop bag. McCaster informed a nearby officer that McCaster had been on the MetroLink with Williams and that he had seen Williams board the MetroLink with the laptop in his possession at a station in the City of St. Louis. McCaster stated that Williams initially offered to pay him to "hack the code" of the computer. McCaster also informed the officer that after McCaster refused to help him activate the laptop computer, Williams attempted to sell the computer to McCaster for $100, which McCaster also refused.

The State charged Williams with felony stealing and, in the alternative, felony receipt of stolen property. Williams filed a motion to suppress the laptop and tracking device, and also his statement to police upon arrest on the ground that his arrest occurred outside of the arresting officers' jurisdiction. The trial court denied the

motion. After a trial, a jury found Williams guilty of felony stealing, and the trial court entered a judgment accordingly. Williams now appeals.

## Points on Appeal

In his first point on appeal, Williams argues that the trial court erred in denying his motion to suppress and admitting into evidence the laptop and electronic tracking device. Williams argues that admission of the evidence was improper because the items were retrieved outside of the officers' jurisdiction, and therefore constituted an unlawful search and seizure. In his second point on appeal, Williams contends that the trial court similarly erred in denying his motion to suppress and admitting into evidence Williams's statement that he found the laptop because the statement was coerced by an unlawful arrest that occurred outside the arresting officers' jurisdiction. In his final point on appeal, Williams asserts that the trial court erred in denying his motion for acquittal because insufficient evidence exists in the record to support a verdict that Williams committed felony stealing.

## Standard of Review

■ Williams's first point on appeal challenges the validity of evidence obtained upon his arrest on the ground that the underlying arrest was unlawful, and therefore evidence obtained therefrom should have been excluded. Whether a search and seizure violated the Fourth Amendment is a question of law we review *de novo*. *State v. Berry*, 92 S.W.3d 823, 828 (Mo.App. S.D.2003).

■ Williams did not raise the issue relating to the admission of his statement into evidence in his motion for new trial, and therefore did not preserve that issue

for appellate review. However, we may, at our discretion, review the trial court's admission of the statement for plain error under Rule 30.20.[2] Under plain error review, the movant must demonstrate that the trial court committed an error which is "evident, obvious, and clear" and that such error resulted in a "manifest injustice or miscarriage of justice." *State v. Roper*, 136 S.W.3d 891, 900 (Mo.App. W.D.2004).

Williams's final point requires this Court to examine the sufficiency of the evidence supporting his conviction. In examining the sufficiency of evidence, we are limited to a determination of whether sufficient evidence exists from which a reasonable jury may find the defendant guilty beyond a reasonable doubt. *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998), *citing Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

## Discussion

**I. The trial court properly admitted evidence obtained outside the arresting officers' jurisdiction because the evidence was obtained pursuant to a lawful fresh pursuit.**

■ Williams's first two points on appeal challenge the admissibility of evidence obtained by law enforcement officers outside of the municipal jurisdiction in which they are employed. Both points present a common question, which in this case is dispositive: whether the officers' arrest and subsequent search and seizure of Williams was unlawful on the ground that it occurred in Illinois.

■ The validity of the search and seizure at issue on appeal depends on the validity of the underlying arrest. This case involves the pursuit of a suspect from Missouri into Illinois. Under both Mis-

**2.** All rule references are to Mo. R.Crim. P.2011 unless otherwise indicated.

souri and Illinois law, the validity of a warrantless arrest is determined by the law of the state in which the arrest occurred. *State v. Morris,* 522 S.W.2d 93, 96 (Mo.App. St.L.1975); *People v. Clark,* 46 Ill.App.3d 240, 243, 4 Ill.Dec. 785, 360 N.E.2d 1160 (1977). Williams was arrested in Illinois, and, therefore, the validity of his arrest is determined by Illinois law.

Under Illinois Law:

Any peace officer of another State who enters this State in fresh pursuit and continues within this State in fresh pursuit of a person in order to arrest him on the ground that he has committed an offense in the other State has the same authority to arrest and hold the person in custody as peace officers of this State have to arrest and hold a person in custody on the ground that he has committed an offense in this State.

725 ICSA 5/107–4(b). "Fresh pursuit means the immediate pursuit of a person who is endeavoring to avoid arrest." 725 ICSA 5/107–4(a)(3)(internal quotations omitted).

The first statutory requirement under 725 ICSA 5/107–4 is that the officers must be pursuing a person in order to arrest that person on grounds that the suspect committed an offense in the other state, in this case Missouri. 725 ICSA 5/107–4(b). The relevant inquiry under the first element is whether the officers were properly in pursuit of Williams given the fact that the officers did not observe him commit any crime, and did not have a warrant for his arrest.

Here, the officers did not see the person who removed the laptop from the bait car, and did not have visual contact with the individual possessing the laptop as the officers pursued that person into East St. Louis, Illinois. Instead, the officers pursued the suspect by following the electronic signal of the device in the suspect's possession. While this factual scenario is somewhat different from the fresh pursuit cases we have reviewed, we find this factual distinction immaterial to our analysis.

Under Illinois law, an officer may perform a warrantless arrest when the officer "has reasonable grounds to believe that the person is committing or has committed an offense." *People v. Lee,* 214 Ill.2d 476, 484, 293 Ill.Dec. 267, 828 N.E.2d 237 (2005) (*quoting* 725 ILCS 5/107–2(1)(c)). Where officers are working together, the sum total of the knowledge of all involved officers is used to determine whether probable cause existed. *People v. Long,* 369 Ill. App.3d 860, 867, 308 Ill.Dec. 270, 861 N.E.2d 335 (2007).

In this case, although the officers were following the tracking signal being sent from the laptop, the tracking device on the laptop was the means of following a suspect, not the object of the chase. The record reflects that the laptop was part of a bait car sting, and the officers received a radio notification that the laptop had been stolen. The fact that the laptop bag was reported stolen gave the arresting officers reasonable grounds to believe that the individual found in possession of the bag, regardless of that person's identity, would be guilty of felony stealing or, in the alternative receipt of stolen property, as Williams was initially charged. The officers had every reason to believe they were in pursuit of a person suspected of committing a felony. The officers' reasonable belief that they were in pursuit of a suspect who had, just moments before committed a felony, is a sufficient basis for the officers to pursue and arrest the suspect in possession of the laptop. *Id.; see also People v. Schaefer,* 343 Ill.App.3d 159, 162–63, 277 Ill.Dec. 600, 796 N.E.2d 686 (2003) (725 ICSA 5/107–4(a–3)(1) "imposes no requirement that an officer must conclusively *know* that an offense has been committed

before the officer may follow a driver outside the officer's jurisdiction and arrest the driver for offenses that occurred within the officer's jurisdiction. Rather, the statute specifically provides that an officer may make an arrest outside the officer's jurisdiction if the officer is *investigating* whether an offense occurred within the officer's jurisdiction.") (emphasis in original).

The second prong of 725 ICSA 5/107–4 is that the pursuit must be immediate. Although Williams does not challenge the trial court's ruling on this point, we also find that the officers immediately began their pursuit. Prior to the pursuit, the officers were informed of the existence and location of the bait car, and were informed that the laptop and tracking device had been taken from the vehicle. The record reflects that immediately upon being notified of the movement of the tracking device, and while still within the City of St. Louis, the officers began a continuous pursuit of the suspect via the tracking signal until they located Williams in Illinois with the laptop and tracking device. Accordingly, we find sufficient evidence to conclude that the officers' pursuit of Williams was immediately undertaken within the meaning of 725 ICSA 5/107–4.

Finally, Williams asks this Court to find that the evidence was unlawfully obtained on the ground that the State failed to satisfy the third statutory factor: that Williams was not endeavoring to avoid arrest within the meaning of 725 ICSA 5/107–4. Williams principally argues on appeal that the officers were not engaged in fresh pursuit because the record does not contain any evidence that Williams was aware of the pursuit. Williams contends that because he was unaware that officers were chasing him, by definition he could not have been "endeavoring to avoid arrest" under 725 ICSA 5/107–4(a)(3).

We find no support in Illinois law for the proposition that a suspect must have actual knowledge that he or she is being chased by specific police officers in order to be "endeavoring to avoid arrest." To the contrary, in *People v. Wolfbrandt* the court explained:

> While the Illinois fresh pursuit statute is not applicable to this case, even if it were, we believe that the phrase "endeavoring to avoid arrest" does not mean that a person must be consciously aware of the pursuit, but rather that a person is fleeing the scene of the crime to avoid arrest.

*People v. Wolfbrandt*, 127 Ill.App.3d 836, 82 Ill.Dec. 771, 469 N.E.2d 305, 310 (1984) *overruled in part on other grounds by Daley v. Hett*, 113 Ill.2d 75, 80–82, 99 Ill.Dec. 132, 495 N.E.2d 513 (1986). Although *Wolfbrandt* defines the relevant phrase only in dicta, we see no reason to construe the terms of the Illinois statute in a manner contrary to the Illinois court's view in *Wolfbrandt*.

We also note that the absence of any requirement that the suspect must have actual knowledge of the fresh pursuit is consistent with Illinois courts' construction of Missouri law. In *Clark*, the defendants robbed a jewelry store in Cairo, Illinois near the borders of both Kentucky and Missouri. *Clark*, 46 Ill.App.3d at 241, 4 Ill.Dec. 785, 360 N.E.2d 1160. Officers responded shortly after the robbery occurred, and shut down the bridge from Illinois to Kentucky, one of two exits out of the town where the robbery occurred. *Id.* Officers subsequently received a radio report that the suspects were traveling toward Missouri via the second route out of town. *Id.* The officers requested assistance from local Missouri police. *Id.* No Missouri officers were available to assist, so the Illinois officers crossed into Missouri in pursuit of the suspects. *Id.* The facts of *Clark* provide no indication that

the suspects had any knowledge that they were being pursued by the officers at the time the officers crossed from Illinois into Missouri. The officers' knowledge of the suspects was also limited to descriptions of "a juvenile, a white male, and a male dressed as a female" at the time they crossed into Missouri. *Id.* at 241, 4 Ill. Dec. 785, 360 N.E.2d 1160. The officers discovered the suspects seven miles into Missouri, pulled the vehicle over, and took the three suspects into custody. *Id.* at 242, 4 Ill.Dec. 785, 360 N.E.2d 1160. The defendant challenged his arrest as being effectuated outside the requirements of the fresh pursuit doctrine. In upholding the arrest, the Illinois appellate court focused on the immediacy with which the officers pursued the suspect, and did not impose a requirement that the suspects have any actual knowledge that they were being pursued by the officers at the time they, or the arresting officers, traversed into Missouri.

After careful consideration, we find ample evidence in the record to conclude that Williams was endeavoring to avoid arrest under 725 ICSA 5/107–4(a)(3). Williams initially removed the laptop computer from a vehicle at 1401 Chestnut Street in the City of St. Louis, Missouri. Williams then left the parking garage, boarded a Metro-Link train, and traveled to East St. Louis, Illinois. Williams immediately left the area once the laptop was removed from the bait car, strongly suggesting that Williams fled the area with the purpose of avoiding arrest. Second, almost immediately upon boarding MetroLink, Williams attempted to sell the laptop computer. Kenneth McCaster testified that Williams asked him to "crack the code" of the computer, and, when McCaster refused, Williams offered to sell him the computer for $100. Williams's attempt to immediately sell the computer at a marginal price is strongly corroborative of the conclusion that Williams was attempting to dispose of

evidence of his crime in order to avoid arrest. These facts provide compelling evidence that Williams was endeavoring to avoid arrest at the time the officers pursued him into Illinois. Under Illinois law, it is of no consequence that Williams was unaware of the pursuit at the time he took actions designed to evade the arresting officers. *See Wolfbrandt,* 469 N.E.2d at 310.

The officers' pursuit and arrest of Williams fully complied with the statutory framework for fresh pursuit under Illinois law. Accordingly, the physical evidence and the statement made by Williams upon his arrest were not subject to suppression on the ground that the officers were outside of their jurisdiction at the time they arrested Williams. The trial court did not commit any error, plain or otherwise, in denying Williams's motion to suppress and in admitting the laptop, tracking device and statements into evidence. Points One and Two are denied.

## II The record contains sufficient evidence to support Williams's conviction.

■ In his final point, Williams argues that insufficient evidence exists in the record to support his conviction. Specifically, Williams argues that the evidence at trial failed to establish that: (1) he was the individual who stole the laptop and tracking device; and (2) that the property at issue was valued in excess of $500.

Sufficient evidence exists to support a conviction if the record contains evidence and inferences from which a jury could have concluded beyond a reasonable doubt that the defendant committed each element of the crime. *State v. Johnson,* 182 S.W.3d 667, 672 (Mo.App. E.D.2005). Under appellate review, we will construe all evidence and inferences favorable to the jury's verdict, and disregard contrary evidence and inferences. *Id.*

Williams was convicted of felony stealing in violation of Section 570.030. "A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." Section 570.030.1. Stealing becomes a felony if the value of the property exceeds $500. Section 570.030.3(1).

Williams reasons that because no one saw him take the laptop bag from the car, the record lacks evidence from which a jury reasonably could conclude that he stole the laptop. Williams's argument lacks merit. The evidence at trial included testimony from police officers and an eyewitness that Williams had possession of the laptop shortly after it was taken from the bait car, and offered to sell it for $100 to a nearby stranger after first asking the stranger to "hack the code" of the computer. The entire episode lasted only about 15 minutes. Moreover, when viewed in the light most favorable to the verdict, the testimony at trial also established that Williams attempted to resist arrest upon being found with the laptop. This testimony provides a sufficient foundation for the jury to infer that Williams was the person who removed the laptop and tracking device from the bait car. The fact that no one saw Williams remove the laptop bag does not bar the jury from drawing such an inference. *See State v. Evans*, 740 S.W.2d 364, 365 (Mo.App. S.D.1987) (circumstantial evidence may be used to prove every element of the offense of stealing).

■ We also find sufficient evidence in the record from which the jury could reasonably find that the value of the stolen property exceeded $500. The evidence at trial established that Williams stole a laptop computer, laptop bag, and tracking device. The State's evidence regarding the value of the stolen property focused on the value of the electronic tracking device. The State produced the testimony of John Nahlik ("Nahlik"), who testified that he worked for a company that supplied the same electronic tracking device. Specifically, Nahlik testified that State's Exhibit 1, the "Track Pack motion beacon," a part of the tracking device that Williams stole, had a retail value of $700. This testimony reasonably allows a fact-finder to conclude that the items stolen by Williams exceeded a value of $500.

Accordingly, we find that the record contains sufficient evidence from which a reasonable jury could have found Williams guilty of each element of the crime charged. Point denied.

## Conclusion

Finding no error, we affirm the judgment of the trial court convicting Williams of felony stealing.

LAWRENCE E. MOONEY, P.J., and PATRICIA L. COHEN, J., concur.