Gary M. Gaertner, Jr., Judge
Introduction
Reginald I. Williams (Movant) appeals the judgment of the motion court denying his motion for post-conviction relief under Rule 29.15 after an evidentiary hearing. Movant argues the motion court clearly erred in finding that his counsel was not ineffective for declining to move to dismiss Movant's case or to suppress evidence on the basis that St. Louis Metropolitan Police Department (SLMPD) Officers illegally transported Movant from Illinois to Missouri without an extradition warrant. We affirm.
Background
Movant was convicted of felony stealing in 2012 and sentenced as a prior and persistent offender to 10 years' imprisonment. This Court affirmed his conviction and sentence on appeal. State v. Williams, 409 S.W.3d 428 (Mo. App. E.D. 2013). Movant *859 timely filed a Rule 29.15 motion, and later an amended motion through counsel, arguing that his trial counsel was ineffective for failing to move to suppress evidence on the basis that SLMPD Officers illegally transported Movant from Illinois to Missouri without an extradition warrant. The motion court granted an evidentiary hearing.
The evidence at Movant's trial was that on January 18, 2011, due to a number of car break-ins in the City of St. Louis, SLMPD set up a bait car in downtown St. Louis, containing a laptop computer and a tracking device inside a black bag on the front passenger seat. On January 23, 2011, the tracking device activated, signaling to police that someone had moved the laptop. SLMPD Officers followed the signal, which led them from the City of St. Louis, Missouri, to a MetroLink station in East St. Louis, Illinois. They saw Movant holding the bag from the bait car, and after a struggle, SLMPD Officers forced Movant to the ground and handcuffed him. SLMPD Officers then drove Movant back to a police station in the City of St. Louis. Other SLMPD Officers on the scene interviewed a witness who saw Movant enter the MetroLink train with the bag. The witness told SLMPD Officers that Movant attempted to sell the laptop to him.
In Movant's amended Rule 29.15 motion, he alleged that his trial counsel was ineffective for failing to file a motion to suppress the evidence of the laptop because the SLMPD Officers failed to obtain an extradition warrant before transporting Movant from Illinois to Missouri, in violation of Illinois law requiring such a warrant. Movant's trial counsel testified at the motion court's evidentiary hearing that she filed a motion to suppress the laptop evidence arguing that the SLMPD Officers acted without authority because they were outside of their jurisdiction. She said she considered arguing that the SLMPD Officers violated Movant's extradition rights, but she could not find in her research any case saying that suppression or dismissal were remedies under Missouri law for a violation of extradition rights.
Additionally, after viewing a SLMPD incident report from the day SLMPD Officers arrested Movant, trial counsel also testified that the report said Movant agreed to voluntarily accompany the SLMPD Officers to Missouri to assist with their investigation. The report further says that after talking with Movant at the police station in Missouri, the SLMPD Officers then placed Movant under arrest. Movant testified at the evidentiary hearing that he did not come back to Missouri voluntarily. Movant testified that SLMPD Officers pointed guns at him and put him in handcuffs in Illinois, carried him to the police car, and drove him back to St. Louis. Movant believed he was under arrest in Illinois.
Before Movant's trial, the trial court held a hearing on the motion to suppress regarding the SLMPD Officers' jurisdiction, after which the trial court denied the motion. The trial court noted, "I'm aware of the fact that there might be extradition issues here, but that was not put before the Court by the defendant." Movant argued to the motion court that the trial court's statement indicated that a motion to suppress or dismiss based on failure to obtain an extradition warrant would have been successful. In denying Movant's Rule 29.15 motion, the motion court noted that this Court, in Movant's direct appeal, had held that Movant's arrest in Illinois was valid under Illinois law, and that subsequent seizure of the laptop evidence was therefore legal. See Williams, 409 S.W.3d at 434. The motion court concluded that in light of this Court's opinion, because the transport of Movant to Missouri occurred after Movant's legal arrest and seizure of *860 evidence, any alleged illegality of such transport had no bearing on the legality of the seizure of evidence. The motion court also found that unlawful extradition is not a basis for the dismissal of criminal charges. The motion court denied Movant's motion. This appeal follows.
Standard of Review
Our review of the motion court's denial of a movant's 29.15 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); Johnson v. State, 333 S.W.3d 459, 463 (Mo. banc 2011). We will find the motion court's judgment clearly erroneous only if we are left with a definite and firm impression that a mistake has been made. Johnson v. State, 406 S.W.3d 892, 898 (Mo. banc 2013).
Discussion
Movant argues the motion court clearly erred in finding Movant's trial counsel was not ineffective for failing to file a motion to dismiss or to suppress evidence on the basis that SLMPD Officers illegally transported Movant from Illinois to Missouri, in violation of Illinois law. We disagree.
To be entitled to post-conviction relief for ineffective assistance of counsel, Movant must show by a preponderance of the evidence that his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation, and that Movant was prejudiced thereby. Id. (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). There is a strong presumption that counsel's performance was reasonable and effective. Smith v. State, 370 S.W.3d 883, 886 (Mo. banc 2012). "[S]trategic choices made after a thorough investigation of the law and facts relevant to plausible opinions are virtually unchallengeable[.]" Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006) (quoting Strickland, 466 U.S. at 690, 104 S.Ct. 2052 ).
Here, Movant argues that an Illinois statute, 725 ILCS 5/107-4 (2011), provided a basis for either dismissal of the stealing charge or suppression of the evidence the officers obtained pursuant to Movant's arrest. The relevant statutory language is as follows:
(b) Any peace officer of another State who enters this State in fresh pursuit and continues within this State in fresh pursuit of a person in order to arrest him on the ground that he has committed an offense in the other State has the same authority to arrest and hold the person in custody as peace officers of this State have to arrest and hold a person in custody on the ground that he has committed an offense in this State.
(c) If an arrest is made in this State by a peace officer of another State in accordance with the provisions of this Section he shall without unnecessary delay take the person arrested before the circuit court of the county in which the arrest was made. Such court shall conduct a hearing for the purpose of determining the lawfulness of the arrest. If the court determines that the arrest was lawful it shall commit the person arrested, to await for a reasonable time the issuance of an extradition warrant by the Governor of this State, or admit him to bail for such purpose. If the court determines that the arrest was unlawful it shall discharge the person arrested.
725 ILCS 5/107-4. In Movant's direct appeal, this Court determined that the SLMPD Officers lawfully arrested Movant in Illinois under subsection (b) of this statute. Williams, 409 S.W.3d at 434. Thus, we assume for purposes of this appeal that the arrest took place in Illinois. Movant argues that under subsection (c), the SLMPD Officers *861 were required to take Movant before an Illinois circuit court before transporting him back to St. Louis. There is no dispute that the SLMPD Officers here did not do so. The question is whether Movant's counsel should have filed a motion to dismiss or suppress evidence on the basis of a violation of 725 ILCS 5/107-4(c).
We conclude Movant's trial counsel was not ineffective for failing to file either motion. While Missouri courts have not considered this precise issue under Illinois law, the Supreme Court of Missouri has set out the general rule that "[o]nce the accused is in the custody of the demanding state, extradition is no longer subject to legal attack." State v. Gilbert, 103 S.W.3d 743, 751-52 (Mo. banc 2003). The Gilbert court cited with approval United States Supreme Court precedent known as the Ker - Frisbie doctrine: "Due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." Gilbert, 103 S.W.3d at 752 (quoting Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541 (1952) (restating rule in Ker v. Illinois, 119 U.S. 436, 444, 7 S.Ct. 225, 30 L.Ed. 421 (1886), "that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction' ") ). There is no indication Movant's due process rights were violated by the Missouri criminal proceedings initiated when SLMPD Officers brought Movant to Missouri.
Moreover, the Illinois Supreme Court, considering a nearly identical situation involving Illinois police officers' violation of Indiana's extradition requirement, concluded that suppression of evidence was not an appropriate remedy. See People v. Galan, 229 Ill.2d 484, 323 Ill.Dec. 325, 893 N.E.2d 597 (2012). The court specifically noted that the police officers complied with constitutional and Indiana statutory requirements regarding the arrest of the defendant and the seizure of evidence. Id., 323 Ill.Dec. 325, 893 N.E.2d at 608-09 ; see also id., 323 Ill.Dec. 325, 893 N.E.2d at 615 (distinguishing cases[1] in which circumstances of arrest were different or validity of arrest was questionable). The court also noted United States Supreme Court precedent holding that a violation of extradition procedures in an otherwise constitutional process does not harm the defendant, but rather the state whose law is violated. Id., 323 Ill.Dec. 325, 893 N.E.2d at 609 (discussing Ker - Frisbie doctrine; citing Mahon v. Justice, 127 U.S. 700, 712, 8 S.Ct. 1204, 32 L.Ed. 283 (1888) ).
The Illinois Supreme Court noted that while not constitutionally required, it could choose to apply the exclusionary rule on principles of comity, citing a case Movant also relies on here, Commonwealth v. Sadvari, 561 Pa. 588, 752 A.2d 393 (Pa. 2000). The court noted that in Sadvari the Pennsylvania Supreme Court chose to apply the exclusionary rule based on a violation of Delaware's extradition statute. Galan, 323 Ill.Dec. 325, 893 N.E.2d at 619. However, the Galan court noted Indiana's adherence to the Ker - Frisbie doctrine and believed it was unlikely the Indiana Supreme Court *862 would apply the exclusionary rule if the situation were reversed. Id. Thus, the Illinois Supreme Court held that because the arrest itself was otherwise constitutionally valid and comported with Indiana law, the post-arrest extradition violation did not merit exclusion of evidence against the defendant under the circumstances. Id., 323 Ill.Dec. 325, 893 N.E.2d at 619-20.
In light of both Missouri's and Illinois' mutual adherence to the Ker - Frisbie doctrine, as well as Illinois' comity considerations in Galan, it is unlikely that Missouri courts would apply the exclusionary rule under the circumstances here, where Movant's arrest in Illinois was lawful. Further, Movant has not provided, nor have we found, any Missouri precedent for dismissing criminal charges on the basis of a violation of another state's extradition statute. Movant's counsel testified that she researched the matter and decided to pursue a motion to suppress on different grounds. The motion court did not clearly err in determining that Movant's counsel was not ineffective, or that Movant was not prejudiced. Point denied.
Conclusion
We affirm the judgment of the motion court.
Kurt S. Odenwald, P.J., concurs.
Colleen Dolan, J., concurs.

The appellant in Galan relied on some of the same cases Movant relies upon here: Commonwealth v. Sadvari, 561 Pa. 588, 752 A.2d 393 (2000) (applying exclusionary rule for purposes of comity); U.S. v. Holmes, 380 A.2d 598 (D.C. 1977) (noting defendant was arrested without probable cause).